IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    **Plaintiff,**

    v.

NATALIE CANALE, et al.,

    **Defendants.**

Case No. 25-2298-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on June 2, 2025, alleging civil rights claims against the following Defendants: Natalie Canale of the Wyandotte County Sheriff's Department, the Wyandotte County Sheriff's Department, Wyandotte County Mental Health Services, Advent Health Shawnee Mission, Osawatomie State Hospital (Kansas Department for Aging and Disability Services), and John Does 1–3. His claims in this case and another case before this Court, Case No. 25-2292-JAR-TJJ, arise out of an incident on May 15, 2025.[1] In Case No. 25-2292, Plaintiff claims he was falsely arrested based on false statements reported by his landlord to police, and that he was administered insufficient treatment at the University of Kansas Medical Center for his medical needs. In this case, he alleges claims based on conduct that took place after his arrest—that Defendants convinced Plaintiff to voluntarily surrender his firearm and enter a mental health treatment program, which turned into an involuntary confinement at Shawnee Mission Hospital and, eventually, at

---

[1] Plaintiff filed a third case on June 9, 2025, alleging claims against the Kansas City, Kansas Police Department and Mission Studios Property Management, arising out of a separate incident on June 6, 2025. Case No. 25-2308-KHV-ADM.

Osawatomie State Hospital. He claims that he was administered antipsychotic medication involuntarily and eventually subjected to a court-ordered drug therapy plan.

Before the Court are several motions filed by Plaintiff: (1) Master Motion for Judicial Notice, Consolidation, and Civil Rights Injunctive Relief (Doc. 11); (2) Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 18); (3) Amended Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 21); and (4) Motion for Temporary Restraining Order (Doc. 25). As described more fully below, Plaintiff's motions are denied.

## I. Motion to Consolidate

Plaintiff moves to consolidate his "related proceedings to prevent fragmented rulings and allow full consideration of the intertwined facts and claims."[2] Although he does not specify which cases he seeks to consolidate, the Court only considers his request as it relates to Case No. 25-2298-JAR-TJJ since it arises out of the same arrest as the claims in this case.[3]

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." This Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[4] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[5] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants

---

[2] Doc. 11 at 2.

[3] Even if construed as a motion to consolidate this case with Case No. 25-2308, the Court would reach the same outcome.

[4] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[5] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

2

are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[6] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[7]

Here, Plaintiff fails to meet his burden of showing that the balance of factors weighs in favor of consolidation. As discussed above, although these cases arise out of an alleged false arrest on May 15, 2025, they involve different Defendants, facts, and legal issues. Case No. 25-2292 alleges claims against Plaintiff's landlord and the Kansas City, Kansas Police Department for false arrest, excessive force, deliberate indifference to medical needs, disability discrimination, and state law tort claims.[8] In this case, Plaintiff alleges civil rights claims stemming from his seizure and detention, including mental health treatment and Officer Canale's alleged seizure of his firearm. The Kansas City, Kansas Police Department and Plaintiff's landlord are named as Defendants in Case No. 25-2292, but not in this case. Thus, the Court does not find that consolidation is in the interest of judicial economy, convenience, or would save costs at this stage of the litigation. Plaintiff's motion to consolidate is therefore denied.

## II.     Motions for Injunctive Relief

### A.    Standards

Fed. R. Civ. P. 65(b)(1) governs when a temporary restraining order ("TRO") can be issued by the Court without notice to the adverse parties:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

---

[6] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012)).

[7] *Id.*

[8] *See Queen v Kansas City, Kansas Police Dep't*, No. 25-2292, Doc. 1 (D. Kan. May 29, 2025).

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A TRO preserves the status quo and prevents immediate and irreparable harm until the court has an opportunity to pass upon the merits of a demand for preliminary injunction.[9] The Court applies the same standard governing issuance of preliminary injunctions.[10] Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[11] This standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."[12]

Because Plaintiff proceeds pro se, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[13] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[14] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[15] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[9] *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001).

[10] *See Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018).

[11] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[12] *Id.* at 22.

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[16] *Whitney*, 113 F.3d at 1175.

### B.     Discussion

Plaintiff's first motion asks the Court to: (1) restrain Defendants from further retaliation, citations, seizure, or surveillance; (2) return of all lawfully owned firearms and personal property seized without due process; and (3) protect him from further unlawful detention, forced medical evaluation, or interference with travel, property, or residency.  In Plaintiff's second motion, Plaintiff seeks to enjoin an eviction pending in state court based on his false arrest on May 13, 2025, arguing that it was retaliatory in nature.  In Plaintiff's third motion, he asks the Court to enjoin the eviction proceedings, "take judicial notice of this pattern of retaliation, and protect [his] constitutional rights."[17]  In his most recent motion, Plaintiff asks the Court to enjoin an eviction hearing set for September 3, 2025, because it conflicts with a medical appointment and interferes with his federal civil rights litigation.

Plaintiff's motion hinges on successfully moving to consolidate two actions that he affirmatively chose to file as separate cases.  The Court has denied the motion to consolidate.  Thus, this Court cannot enjoin in this case a state court action or hearing that does not involve any of the Defendants named in this action, or any claims that pertain to Plaintiff's arrest or his landlord's conduct.[18]

---

[17] Doc. 21 at 2.

[18] *See* Fed. R. Civ. P. 65(d) (providing only two exceptions to the rule that a preliminary injunction order only binds the parties: under subsection (B) it may apply to those who are officers, agents, servants, employees, and attorneys of the parties, and under subsection (C) it may apply to those "who are in active concert or participation" with a party or agent of a party").  Under subsection (C), an injunction "may reach nonparties if: (1) the nonparty 'aids or abets a named defendant' in committing the underlying violation or disobeying the court's order; or (2) the nonparty is 'captured under the general rubric of privity, includ[ing] nonparty successors in interest and nonparties otherwise legally identified with the enjoined party." *BMW of N. Am., LLC v. Issa*, No. 19-CV-220, 2020 WL 1325278, at *5 (D. Utah Mar. 20, 2020) (alteration in original) (first quoting *Reliance Ins. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996) (citations omitted); and then quoting *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017)).  There is no showing that the named Defendants are aiders and abettors, or that they are in privity with the parties to the eviction proceeding or with the state court set to hold the eviction proceeding.

To the extent Plaintiff seeks an injunction to restrain the named Defendants in this matter from "further retaliation," to require them to return his firearm, or to prohibit his further detention or medical treatment, the Court must also deny the motion. He fails to make the necessary showing required under Fed. R. Civ. P. 65(b) for issuing a TRO without notice to the opposing party.[19] He also fails to demonstrate a likelihood of success on the merits of any of his claims in this matter. To meet this standard, Plaintiff need not show a certainty of winning, but must at least present a prima facie case.[20] His conclusory assertions that Defendants violated his constitutional rights are insufficient. Thus, Plaintiff's motions must be denied.

## III.  Request for Judicial Notice

Finally, Plaintiff asks this Court to take judicial notice of evidence he has filed in other cases and his "Pending Civil Rights Complaint under 42 U.S.C. § 1983."[21] Under Fed. R. Evid. 201(b), the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court must take judicial notice if a party requests it and supplies the Court with the necessary information.

The Court denies Plaintiff's request for judicial notice at this stage because he has not provided the Court with copies of the documents he seeks to have judicially noticed, or specified

---

[19] Plaintiff has been granted leave to proceed in forma pauperis. Presiding Magistrate Judge Teresa J. James ordered that he provide the complete mailing addresses for the named Defendants by July 8, 2025, to enable the Clerk to issue summons for service on his behalf. Doc. 13. He provided that notice and summons issued on June 24, 2025, but no summons has been returned executed. Thus, Defendants have not yet received notice of this lawsuit, or any of Plaintiff's motions for injunctive relief. Therefore, the Court must consider Plaintiff's seriatim motions for injunctive relief under the standard that applies when no notice is provided to the adverse parties.

[20] *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2948.3, at 197, 201, 213–14 (2013)).

[21] Doc. 11 at 1–2.

which facts within those documents he seeks to have judicially noticed. Even his reference to his pending civil rights complaint is insufficient given that he has filed multiple lawsuits in this district asserting civil rights claims. The Court also denies the motion for judicial notice because although Rule 201 allows the Court to take judicial notice of documents in the public record, such facts cannot be "subject to reasonable dispute,"[22] and at the motion-to-dismiss stage they "may only be considered to show their contents, not to prove the truth of matters asserted therein."[23] Accordingly, the Court denies Plaintiff's motion to take judicial notice without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Master Motion for Judicial Notice, Consolidation, and Civil Rights Injunctive Relief (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 18), Amended Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 21). and (4) Motion for Temporary Restraining Order (Doc. 25) are **denied**.

**IT IS SO ORDERED.**

Dated: July 11, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[22] Fed. R. Evid. 201(b).

[23] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).