UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

v.

NATALIE CANALE, et al,

    Defendants.

Case No. 25-cv-2298-JAR-TJJ

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Incorporate Additional State Citations into Federal Abuse Claim (ECF No. 30); Plaintiff's Motion to Stay State Proceedings (ECF No. 39); Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32); Plaintiff's Motion to Amend Complaint (ECF No. 46); Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 50); Plaintiff's Motion to Amend Complaint (ECF No. 57); and Plaintiff's Motion for Appointment of Counsel (ECF No. 58). For the reasons set forth below, Plaintiff's Motions are DENIED.

1. **Plaintiff's Motion to Incorporate Additional State Citations into Federal Abuse Claim (ECF No. 30)** is **denied without prejudice** for the same reasons set forth in the District Judge's Memorandum and Order.[1] The Court previously denied without prejudice Plaintiff's prior request for the Court to take judicial notice of documents he filed in other cases and his "Pending Civil Rights Complaint under 42 U.S.C. § 1983." Plaintiff's request was denied because he had not provided the necessary information—by providing the Court with copies of the

---

[1] ECF No. 28. *Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *3 (D. Kan. July 11, 2025).

documents he seeks to have judicially noticed, or by specifying which facts within those documents he seeks to have judicially noticed. The Court also denied the motion for judicial notice because although Fed. R. Evid. 201 allows the Court to take judicial notice of documents in the public record, such facts cannot be "subject to reasonable dispute," and at the motion-to-dismiss stage they "may only be considered to show their contents, not to prove the truth of matters asserted therein."[2] Like his earlier motion, Plaintiff's current motion requests the Court "take judicial notice and incorporate" state-issued Citation and related complaints (identified solely by Citation or Complaint number) against him as "part of the broader pattern of harassment, abuse, and retaliation of law, in support of Plaintiff's ongoing claims under 42 U.S.C. § 1983."[3] Plaintiff again fails to satisfy the legal standard set forth in Fed. R. Evid. 201(b) for the Court to take judicial notice of a "fact that is not subject to reasonable dispute."[4] Therefore, Plaintiff's motion is DENIED.

The Court additionally strongly encourages Plaintiff to carefully consider whether future motions for judicial notice—whether in this case or in his other cases pending in the District—are necessary or proper, particularly at this early stage of the proceedings. The Court additionally strongly encourages Plaintiff to reconsider his practice of filing notices in this case that are not contemplated by the Federal Rules, this District's Local Rules, or in response to a Court order.

    2.    **Plaintiff's Motion to Stay State Proceedings (ECF No. 39) is <u>denied</u>**.  Plaintiff's

---

[2] ECF No. 26.

[3] ECF No. 34, at 1.

[4] *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

Motion to Stay State Proceedings "moves this Court to stay parallel state court Eviction Proceedings currently pending in the District Court of Wyandotte, County, Kansas, Case No. WY-2025-LM-003502." Plaintiff essentially asks this Court to enjoin the Eviction Proceedings, pending the resolution of the present case. Plaintiff argues "[c]ontinuing both matters simultaneously risks inconsistent judgments on identical factual and legal questions."

This Court has already once denied Plaintiff's request to enjoin the Eviction Proceedings and found that the state court proceedings do *not* contain identical factual and legal questions. In his Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18), Plaintiff sought an order "halting all proceedings and enforcement actions in Case No. WY-2025-LM-003502." The District Judge's Memorandum and Order denied Plaintiff's request because the state court action does not involve any Defendants named in this action, "or any claims that pertain to Plaintiff's arrest or his landlord's conduct."[5] Upon review of the publicly available state court record, this remains true.[6] The Complaint in this matter contains no factual allegations mentioning the subsequent Eviction Proceedings initiated by Plaintiff's apartment complex, who is not a party to this action. The Court finds the Eviction Proceedings are therefore not related to any allegation or claim currently alleged in this case. Moreover, even were Plaintiff granted leave to amend his complaint to add such allegations and/or claims, the Court would likely be precluded,

---

[5] ECF No. 28. *Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *3 (D. Kan. July 11, 2025).

[6] *See Mission 200, LLC v. Douglas Queen*, WY-2025-LM-003502, (Wyandotte County, KS Dist. Ct., May 16, 2025). Plaintiff's state case appears to be an unlawful detainer action initiated by his apartment complex. The only parties to the suit are Mission 200, LLC and the Plaintiff himself. The matter is currently set for a Bench Trial in Wyandotte County District Court on September 3, 2025.

3

on *Younger* abstention grounds, from interfering with those ongoing state-court Eviction Proceedings.[7]

Therefore, the Court declines to enjoin or otherwise stay the state court proceedings, and Plaintiff's motion is DENIED.

3. **Plaintiff's First Motion for Leave to File Amended Complaint (ECF No. 32)** is **denied as moot**. On August 14, 2025, Plaintiff filed a second Motion for Leave to File Amended Complaint, which the Court addresses below. Therefore, Plaintiff's first Motion for Leave to File Amended Complaint is MOOT.

4. **Plaintiff's Motions for Leave to File Amended Complaint (ECF No. 46 and 57)** are **denied**. Plaintiff has filed motions for leave to file amended complaints and attached his proposed amended complaint[8] in multiple different cases pending in this District, including: *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ; *Queen v. Canale, et al.*, 25-2298-JAR-TJJ; and *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ. Because Plaintiff has filed the motion to amend, proposing the same Amended Complaint be filed in each case, Plaintiff is clearly attempting to consolidate the above-listed matters into one action. The Court will thus construe Plaintiff's Motion for Leave to Amend as a motion to consolidate and deny the motion.

---

[7] *See Bonjorno v. Asher*, No. 24-cv-04111-HLT-BGS, 2025 WL 2374148, at *5 (D. Kan. Aug. 14, 2025) ("The *Younger* abstention doctrine precludes federal court from interfering with state-court proceedings absent extraordinary circumstances.").

[8] Although Plaintiff's later-filed motion for leave to amend complaint (ECF No. 57) seeks to file the same proposed one-page Amended Complaint in each of his four cases, it does not identify all the defendants or contain any factual allegations, but merely "incorporates [Plaintiff's] prior allegations" from the complaints filed in each of his cases.

Federal Rule of Procedure 42(a) provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[9]  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[10] In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[11]

The District Judge in this matter has already found that consolidating cases *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale, et al.*, 25-2298-JAR-TJJ is inappropriate.[12]  The Court found that although both "cases arise out of an alleged false arrest on May 15, 2025, they involve different Defendants, facts, and legal issues."[13]  In

---

[9] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[10] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[11] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2021 WL 1825222, at *1 (D. Kan. May 18, 2012)).

[12] ECF No. 28. *Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *2 (D. Kan. July 11, 2025).

[13] *Id.*

Plaintiff's newest case, *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ, he also brings claims regarding his false arrest against the various parties named in *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ and *Queen v. Canale et al.*, 25-2298-JAR-TJJ. However, Plaintiff's claims are predicated on an entirely different factual background. Therefore, the Court does not find that consolidation—by allowing Plaintiff to file the exact same amended complaint in each of the above-listed cases—is in the interest of judicial economy, convenience, or would save costs at this state of litigation. Plaintiff's Motions for Leave to File Amended Complaint, construed as a motion to consolidate, is therefore DENIED.

5.     **Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 50)** is **<u>denied</u>**. Plaintiff again seeks to file an Amended Complaint. Despite Plaintiff's request to "file the attached" Amended Complaint, Plaintiff fails to actually attach his proposed amended complaint. Thus, pursuant to D. Kan. R. 15.1(a)(2), the motion is denied.

6.     **Plaintiff's Motion to Appoint Counsel (ECF No. 58)** is **<u>denied without prejudice.</u>** Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[14] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[15] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues

---

[14] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[15] *See, e.g., Leon v. Garmin Int'l,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[16] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[17] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[18] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Plaintiff has failed to show diligence in attempting to find counsel by contacting with five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion. Finally, a review of Plaintiff's filings to date shows that he appears capable of adequately representing himself without counsel at this early stage of the proceedings.

---

[16] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[17] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[18] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Incorporate Additional State Citations into Federal Abuse Claim (ECF No. 30); Plaintiff's Motion to Stay State Proceedings (ECF No. 39); Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32); Plaintiff's Motion to Amend Complaint (ECF No. 46); Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 50); Plaintiff's Motion to Amend Complaint (ECF No. 57); and Plaintiff's Motion for Appointment of Counsel (ECF No. 58) are DENIED.

**IT IS SO ORDERED.**

Dated August 26, 2025, at Kansas City, Kansas.

_/s/ Teresa J. James_
Teresa J. James
U. S. Magistrate Judge