# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DOUGLAS S. QUEEN,

    Plaintiff,

v.

NATALIE CANALE, et al.,

    Defendants.

Case No. 25-CV-2298-JAR-TJJ

## ORDER

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 85), Plaintiff's Motion for Appointment of Counsel (ECF No. 86), and Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 67) to the extent Plaintiff requests the appointment of counsel as an accommodation. For the reasons set forth below, Plaintiff's Motions are DENIED.

The Court again reminds Plaintiff that in his civil case, he has no constitutional or statutory right to appointed counsel.[1] The appointment of counsel for a plaintiff in a civil case is exceedingly rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[2] Therefore, the Court would have to find an attorney willing to be

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power. Under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[3] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Once again Plaintiff has failed to show diligence in attempting to find counsel by contacting five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion and has repeatedly stated he refuses to do so because he considers such efforts an "impractical and onerous prerequisite."[5]

Regardless of Plaintiff's refusal to contact five attorneys, the Court does not find that the above-listed factors weigh in favor of appointment of counsel. First, there is not a sufficient basis to assess the merits of Plaintiff's claim. He has not served all of the parties, and no Motion to

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See* ECF No. 77, p. 2. In his latest motion, Plaintiff attaches an unsigned and unnotarized affidavit which states "he has attempted in good faith to obtain counsel," but provides no information regarding such efforts. *See* ECF No. 86, p. 3.

Dismiss that may clarify the merit of the claims in this matter has been ruled on.[6] Further, despite Plaintiff's statement to the contrary, this matter does not present unusually complex factual or legal questions.

Finally, there is no indication, at least in this early stage of the litigation, that Plaintiff cannot adequately represent himself. Plaintiff claims that he lacks legal training and due to his disability he is limited in his "stamina, concentration, and ability to research, write, and respond to motions."[7] However, Plaintiff's filing practices in this, and his three other matters pending in this District, show Plaintiff is wholly capable of creating and filing documents. So much so that the District Judge has entered an Order describing Plaintiff's "almost daily practice of filing a plethora of motions and/or 'notices,' many of which relate to motions pending before the Court" and success in "unnecessarily clogging the Court's docket."[8] The District Judge further warned Plaintiff that should his filing practices continue, he may face restrictions in his ability to file documents in his cases.

Rather than heed the District Judge's warning, Plaintiff doubled down and filed yet another Renewed Motion for Appointment of Counsel (ECF No. 85). Plaintiff states these "warnings themselves demonstrate the difficulty a pro se litigant faces in navigating federal practice without

---

[6] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022) ("[W]here the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time.").

[7] ECF No. 86, p. 5.

[8] ECF No. 84, p. 1.

representation" and "[w]ithout counsel, Plaintiff is at risk of sanctions simply for attempting to defend himself."[9]  However, the Court wishes to make clear: Plaintiff is not at risk of sanctions "simply for attempting to defend himself."  Plaintiff initiated this case and is at risk of sanctions for his "unnecessary, redundant, or vexatious" filings, including the repeated filing of the same motion(s) over and over again, which have been previously denied and/or which relate to pending motions.[10]  **The Court encourages Plaintiff to heed the District Judge's warnings concerning his current excessive filing practice, and again "gives notice to Plaintiff that if he persists in filings that are related to or redundant of motions currently pending before the Court, the Court may take steps to impose filing restrictions on Plaintiff that preclude him from future filings absent leave of Court."[11]**

Given that ECF Nos. 85 and 86 are Plaintiff's third and fourth Motion for Appointment of Counsel since August 22, 2025, all of which have been denied, the Court directs Plaintiff to stop filing essentially the same motion repeatedly.[12]  Further such motions may summarily be denied without further discussion.

Though the Court has denied Plaintiff's request for the appointment of counsel contained in his Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF

---

[9] ECF No. 85, at 1.

[10] *See* Fed. R. Civ. P. 11(b) (pleadings are not to be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

[11] ECF No. 84, at 3–4.

[12] *See* ECF No. 58, 66, 85, and 86.

No. 67), the remaining requests for accommodation have been forwarded to the District of Kansas's Disability Access Coordinator, as requested in Plaintiff's motion. Plaintiff is directed to the District of Kansas' website to review the Court's policy regarding disability access and services.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 85) and Plaintiff's Motion for Appointment of Counsel (ECF No. 86) are DENIED.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Reasonable Accommodation under the Americans with Disabilities Act (ECF No. 67) is DENIED IN PART to the extent it seeks appointment of counsel, and GRANTED IN PART to the extent it seeks the remaining requests for accommodation be referred to the Court's ADA Coordinator.

**IT IS SO ORDERED.**

Dated September 8, 2025, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge