IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

    v.

NATALIE CANALE, et al.,

    Defendants.

Case No. 25-2298-JAR-TJJ

**MEMORANDUM AND ORDER**

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on June 2, 2025, alleging claims under 42 U.S.C. § 1983 and Kansas law against the following Defendants: Natalie Canale of the Wyandotte County Sheriff's Department, the Wyandotte County Sheriff's Department, Wyandotte County Mental Health Services, Advent Health Shawnee Mission, Osawatomie State Hospital (Kansas Department for Aging and Disability Services), and John Does 1–3. Before the Court is Plaintiff's Rule 72(a) Objections to Magistrate Judge's Order Denying Appointment of Counsel (Doc. 77). As described below, the Court denies Plaintiff's motion.

**I.    Background**

Plaintiff has filed five motions to appoint counsel during this short-lived case,[1] each of which was denied by presiding Magistrate Judge Teresa James. On August 29, 2025, Judge James issued the following text entry order:

> ORDER denying [66] Plaintiff's Motion for Appointment of Counsel. The motion is denied for the same reasons stated in the Court's [63] Order denying without prejudice his prior motion to appoint counsel, namely that Plaintiff does not have a

---

[1] Docs. 58, 65, 66, 85, 86.

>constitutional right to counsel in a civil case, that appointment in civil cases is very rare given that Congress has not provided a mechanism or funding to compensate attorneys appointed in civil cases, Plaintiff has failed to show diligence in attempting to find counsel before filing his motion, Plaintiff appears capable of adequately representing himself without counsel, and he is not entitled to court appointed counsel at this early stage of the proceedings. Signed by Magistrate Judge Teresa J. James on 8/29/2025.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)[2]

In the motion before the Court, Plaintiff objects to this Order. After Plaintiff filed his objection, he filed two more motions to appoint counsel, which Judge James denied in a written Order on September 8, 2025.[3]

## II. Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. The applicable standard of review depends on whether the magistrate judge's order relates to a dispositive or nondispositive issue. A nondispositive decision is reviewed under a clearly-erroneous or contrary-to-law standard, and a dispositive order is reviewed de novo.[4] Under the more deferential standard that applies to this Court's review of a nondispositive order, the Court must affirm factual determinations "unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'"[5] As to legal matters,

>the Court conducts an independent review and determines whether the magistrate judge['s] ruling is contrary to law. Under this standard, the Court conducts a plenary review and may set aside the magistrate judge['s] decision if it applied an incorrect legal

---

[2] Doc. 71.

[3] Doc. 87.

[4] Fed. R. Civ. P. 72.

[5] *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1147–48 (D. Kan. 2010) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

>standard or failed to consider an element of the applicable standard.[6]

The party seeking modification of the magistrate judge's order bears the burden to show that the order is clearly erroneous or contrary to law.[7]

## III.  Discussion

Plaintiff argues that Judge James's decision on his renewed motions to appoint counsel were clearly erroneous or contrary to the law because she did not weigh the requisite factors correctly.  Specifically, Plaintiff argues that it was impractical and onerous to require him to first contact five attorneys; that there are 12–15 opposing counsel; that he is overwhelmed by the multiple lawsuits he is prosecuting in this district, the amount of records in this case, and other law-enforcement and eviction action; and that the Court has required "duplicative filings in three dockets."[8]  He asks in the alternative that the Court allow him to appear and proffer sealed medical records that will demonstrate his need for appointed counsel.

This Court applies a deferential standard to Judge James's Order, as described above, and finds that her August 29 Order was not clearly erroneous or contrary to law.  While the Court is mindful that proceeding pro se is challenging, particularly in a case with many documents and opposing counsel, as Judge James has explained multiple times, Plaintiff does not have a constitutional right to counsel.

And there was no error in Judge James's finding that the requisite factors do not justify appointment of counsel.  She considered the factors that apply in this circuit: "(1) plaintiff's financial inability to afford counsel; (2) plaintiff's diligence in attempting to secure counsel; (3)

---

[6] *Id.* at 1148 (citations omitted).

[7] *Heartland Surgical Specialty Hosp., LLC v. MidWest Div., Inc.*, No. 05-2164, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007) (placing burden on party seeking review).

[8] Doc. 77 at 2.

the merits of the allegations of discrimination; and (4) only in close cases as an aid in exercising judicial discretion, the 'plaintiff's capacity to present the case without counsel.'"[9]  Much of the overwhelm cited by Plaintiff is of his own making; he chose to file three separate lawsuits and, as this Court has previously documented, he has chosen to overwhelm the Court with meritless and duplicative filings in his cases.  These choices do not entitle him to counsel.

As Judge James explained in her September 9 Order, a party requesting appointment of counsel must show some diligence in obtaining counsel on his or her own, and Plaintiff still fails to make that showing.  Requiring Plaintiff to show that he has contacted attorneys on his own is part of his showing of diligence.  Moreover, as Judge James pointed out, it is too early to assess the merits of Plaintiff's claims, another important factor in the appointment-of-counsel inquiry.[10]  Finally, the matters involved here are not too complex legally or factually.  Again, Judge James considered the requisite factors, and the Court finds no clear error.  Accordingly, the Court overrules and denies Plaintiff's Objections to Judge James's August 29, 2025 Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Rule 72(a) Objections to Magistrate Judge's Order Denying Appointment of Counsel (Doc. 77) are **overruled and denied**.

**IT IS SO ORDERED.**

Dated: October 7, 2025

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[9] *Vera v. Utah Dep't of Hum. Servs.*, 60 F. App'x 228, 229–30 (10th Cir. 2003) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992)).

[10] *See* Doc. 87 at 2.