# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DOUGLAS STUART QUEEN,

    Plaintiff,

    v.

NATALIE CANALE, et al.,

    Defendants.

Case No. 25-2298-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Douglas Stuart Queen, proceeding pro se and in forma pauperis, filed this action on June 2, 2025, alleging civil rights claims against the following Defendants: Natalie Canale of the Wyandotte County Sheriff's Department, the Wyandotte County Sheriff's Department, Wyandotte County Mental Health Services, AdventHealth Shawnee Mission ("Advent"), Osawatomie State Hospital (Kansas Department for Aging and Disability Services), and John Does 1–3.

The Court previously dismissed Canale, Osawatomie State Hospital, Wyandotte County Sheriff's Department ("WCSD"), and Wyandot Behavioral Health Network, Inc. ("WBHN"), which had filed a motion to dismiss on behalf of Wyandotte County Mental Health Services because that party was not the properly named party subject to suit.[1]  Now before the Court are Plaintiff's Motion to Alter or Amend Judgment and, in the Alternative, Motion for Reconsideration under Rules 59(e) and 60(b) (Doc. 96), and Motion for Return of Seized Property (Firearm) Pursuant to Rule 41(g) (Doc. 24).  The motions are ripe for ruling, and the

---

[1] Docs. 59, 80.

Court is prepared to rule.[2]  For the reasons stated below, the Court denies Plaintiff's motions. Additionally, the Court dismisses the only remaining parties from this action under 28 U.S.C. § 1915(e)(2).

## I.    Background

Plaintiff alleged four claims in the Amended Complaint: (1) Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983 against all Defendants; (2) Second Amendment violations under 42 U.S.C. § 1983 against Canale and WCSD based on the seizure of his firearm; (3) medical battery and violation of bodily autonomy against Advent, Osawatomie State Hospital, and the John Doe Defendants; and (4) abuse of power and malicious detention against all Defendants.  Plaintiff seeks monetary damages, an injunction terminating his court-ordered psychiatric drug therapy, and the immediate return of his personal property.

In an October 16, 2025 Memorandum and Order,[3] the Court granted several Defendants' motions to dismiss.  Specifically, the Court granted Defendant Osawatomie State Hospital's motion to dismiss for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity from suit.  The Court found that Plaintiff failed to allege sufficient facts demonstrating that WBHN is a state actor, an essential element of his § 1983 claims, so it dismissed WBHN for failure to state a claim.  The Court also dismissed Canale for failure to state plausible individual-capacity claims under § 1983 based on violations of the Second, Fourth, and Fourteenth Amendments.  And because Plaintiff failed to allege sufficient claims against Canale, a WCSD

---

[2] Because Plaintiff proceeds pro se, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Doc. 94.

employee, he was unable to state a municipal liability claim against the WCSD.  Finally, the Court dismissed Count IV against all Defendants for failure to state a claim.

The Court also considered and denied Plaintiff's motion for leave to amend to add two new Defendants: (1) Mission Road Studios, LLC, and (2) Officer Lopez, of the WCSD, in his individual and official capacity.  Plaintiff proposed adding several new factual allegations to support his claims, but the Court denied Plaintiff's motion for leave to amend to add these allegations, finding that his proposed amendments would be futile because they do not cure the deficiencies in the Amended Complaint identified by the Court in its Order.

## II.   Motion to Alter or Amend

### A.   Standard

Plaintiff moves to alter or amend the Court's October 16 Order under Fed. R. Civ. P. 59(e) and 60(b).  A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[4]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[5]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[6]  In order to be clearly erroneous, Plaintiff must show that the Court's decision was "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."[7]  Courts in this

---

[4] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[5] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[6] *Servants of the Paraclete*, 204 F.3d at 1012.

[7] *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ies, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996)).

district have described manifest injustice to mean "direct, obvious, and observable error."[8]  But

such a motion does not permit a losing party to rehash arguments previously addressed or to

present new legal theories or facts that could have been raised earlier.[9]  So a party's failure to

present its strongest case in the first instance does not entitle it to a second chance in the form of

a motion to reconsider.[10]  Whether to grant a motion to reconsider is left to the Court's

discretion.[11]

 Rule 60(b) provides that the Court may relieve a party from final judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial
> under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[12]

---

[8] *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1113 (D. Kan. 2020) (quoting *Hadley v. Hays Med. Ctr.*, No. 14-1055-KHV, 2017 WL 748129, at *2 (D. Kan. Feb. 27, 2017)).

[9] *Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

[10] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013), *aff'd*, 561 F. App'x 661 (10th Cir. 2014).

[11] *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[12] Fed. R. Civ. P. 60(b).

Like Rule 59(e), Rule 60(b) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[13]  And relief under this rule "is extraordinary and may only be granted in exceptional circumstances."[14]

**B.    Discussion**

Plaintiff's motion cites clear error and manifest injustice under Rule 59(e), "newly clarified and discoverable evidence," under Rule 60(b)(2), and extraordinary circumstances under Rule 60(b)(6).  The Court discusses each in turn.

**1.    Clear Error, Manifest Injustice, and Newly Discovered Evidence**

The grounds for Plaintiff's Rule 59(e) and Rule 60(b)(2) motions are the same—he argues that the Court overlooked "discoverable evidence" that support his claims, which prevented him from fully presenting them.[15]  Plaintiff specifically cites body-camera footage, dispatch logs, hospital restraint records, and the identity of the Mission Road Studios false reporter as discoverable evidence that he claims would support his alleged constitutional claims. But Plaintiff fails to demonstrate that the existence of this potentially-discoverable evidence warrants reconsideration.

First, Plaintiff cannot show clear error or manifest injustice because the Court could not have considered such evidence on a motion to dismiss for failure to state a claim.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[16] and

---

[13] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[14] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of the Paraclete*, 204 F.3d at 1009).

[15] Doc. 96 at 2.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

include "enough facts to state a claim to relief that is plausible on its face."[17]  The Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[18]  The Court viewed all well-pleaded factual allegations in the light most favorable to the plaintiff.[19]  If materials had been presented outside the pleadings, "the court must either exclude the material or treat the motion as one for summary judgment."[20]  The Court properly followed this standard in dismissing the moving parties.  Its failure to consider discoverable evidence that may support Plaintiff's claims did not constitute clear error or manifest injustice.

Second, Plaintiff's motion does not establish that he is entitled to relief under Rule 59(e) or 60(b)(2) based on newly discovered evidence.  Under Rule 60(b)(2), the movant must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result."[21]  Although Plaintiff seeks relief from the Court's decision on a motion to dismiss and not trial, the same showing is required.[22]

---

[17] *Id.* at 570.

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[19] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[20] *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)).

[21] *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)).

[22] *Id.*

Plaintiff does not contend that he has discovered "new" or previously unavailable evidence that would support denying Defendants' motions.  Instead, he claims that he has "Newly Clarified and Discoverable Evidence," and he takes issue with the fact that he will not be allowed to discover evidence that he believes will support his claims.[23]  Thus, Plaintiff has not identified  newly discovered evidence since the time the Court decided the motions to dismiss.  Additionally, Plaintiff's motion does not establish that he has received new evidence since the time the Court ruled that would provide a permissible basis to seek leave to amend and avoid dismissal.[24]  Thus, Plaintiff's motion to alter or amend is denied to the extent it is based on newly discovered evidence.

### 2.    Rule 60(b)(6)

Finally, Plaintiff invokes Rule 60(b)(6) and claims that extraordinary circumstances warrant reconsideration.  Specifically, Plaintiff seeks relief on the basis that he is disabled and undergoing medical treatment, and that he is attempting to clarify facts because he was subject to "ongoing forced medication and concentration impairment."[25]  The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[26]  But the rule applies "only in extraordinary circumstances and only when necessary to accomplish justice."[27]  Such extraordinary circumstances have been found to apply where "after entry of

---

[23] Doc. 96 at 2.

[24] *Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 24-3111, 2025 WL 3089412, at \*6 (10th Cir. Nov. 5, 2025) (explaining that district court should have granted leave to amend on the basis of evidence produced in discovery after the parties' briefing on the motion to dismiss because "the newly discovered evidence would be a permissible basis for leave to amend to be granted").

[25] Doc. 96 at 2.

[26] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

[27] *Id.* (quoting *Cashner*, 98 F.3d at 579).

judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[28]

Plaintiff fails to present the type of extraordinary circumstances that warrant relief under this provision. Whether Plaintiff was subjected to forced medication is a factual allegation in his Amended Complaint, not a condition that arose after the Court dismissed his claims. And Plaintiff's age and disability do not constitute the type of extraordinary circumstances that justify relief from judgment.[29]

In sum, Plaintiff's motion to alter or amend or for relief from judgment is denied.

### III.    Motion for Return of Property

Soon after filing his Amended Complaint, Plaintiff filed the instant motion under Rule 41(g) for return of his firearm. Fed. R. Crim. P. 41(g) is a criminal rule that provides in relevant part: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." When a criminal proceeding against the moving party has concluded, the Court treats the motion as a civil complaint.[30] The rule only applies where there is an unlawful seizure. In its October 16 Order, the Court found that Plaintiff failed to allege plausible claims in Counts I and II of the Amended Complaint against Officer Canale based on the unlawful seizure of his firearm. The Court found no facts to support a Fourth or Second Amendment claim based on the seizure of his firearm because the Amended Complaint alleged that he voluntarily turned

---

[28] *Id.* at 687–88 (quoting *Cashner*, 98 F.3d at 579).

[29] *See United States v. McMillon*, No. 02-20062-01-JWL, 2007 WL 869634, at *3–4 (D. Kan. Mar. 21, 2007) (denying relief under Rule 60(b)(6) on the basis of hearing impairment and medical issues that were known to the movant at the time he filed his habeas petition and it was denied).

[30] *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (first quoting *Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992); and then quoting *United States v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir. 1987)) (discussing previous version in Rule 41(e)).

over his firearm.  Therefore, there is no basis for Plaintiff's Rule 41(g) motion, and it must be denied.

## IV.    Remaining Claims against Advent and John Does 1–3

The only remaining claims in this matter are alleged against Advent and the unnamed Advent staff who plaintiff claims restrained him at the hospital.  Neither Advent nor the John Doe Defendants have been served.  The summons and Amended Complaint were sent by certified mail to the address provided by Plaintiff, but it was returned unserved to the Clerk's Office on December 12, 2025.[31]

Because Plaintiff has been granted leave to proceed in forma pauperis, the Court reviews Plaintiff's Amended Complaint against these remaining Defendants under 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss if it determines Plaintiff's case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has already discussed the standard that applies to determine whether a plaintiff states a claim upon which relief may be granted—assuming the facts alleged to be true, the Amended Complaint must "raise a right to relief above the speculative level"[32] and include "enough facts to state a claim to relief that is plausible on its face."[33]

Liberally construing the Amended Complaint, as the Court must,[34] Plaintiff alleges Counts I, III, and IV against Advent and the John Doe Defendants.  Count I is a § 1983 claim for unlawful seizure and detention in violation of the Fourth and Fourteenth Amendments.  Count III

---

[31] Doc. 97.

[32] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[33] *Id.* at 570.

[34] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

alleges medical battery and violation of bodily autonomy; it is not clear whether Plaintiff alleges this claim under federal or state law. Count IV alleges abuse of power and malicious detention. Because these causes of action do not exist under Kansas law, the Court previously construed Count IV as a claim for fraudulent misrepresentation.[35]

### A.    Federal Claims

"To state a claim for relief under § 1983, Plaintiff must allege "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[36] The Amended Complaint alleges that Advent is a "private hospital," and that the John Doe Defendants are security officers at Advent. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[37] To determine if Plaintiff can hold a private actor accountable for constitutional violations as a state actor, the Court must determine "whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State."[38] To satisfy the so-called "joint action test" for determining state action, the private party must be "a willful participant in joint action with the State or its agents."[39]

Plaintiff alleges that Advent is a private hospital located in Johnson County, and there are no factual allegations that allow this Court to infer that Advent acted as a willful participant in joint action with the WCSD—the only state entity named in this matter. The Amended

---

[35] Doc. 94 at 16–17.

[36] *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1160 (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).

[37] *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

[38] *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016)).

[39] *Id.* (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995)).

Complaint alleges that Defendant Canale, a WCSD employee, persuaded Plaintiff to voluntarily attend a short term mental health treatment program at Advent, but that when he arrived at the hospital, he was escorted by security officers to the behavioral health unit and detained, stripped of his belongings, and placed into involuntary psychiatric confinement, where he remained for five days.  Assuming the truth of these allegations, they do not demonstrate that these Defendants were willful participants in joint action with the WCSD, sufficient to trigger liability as a state actor.  Moreover, both state actors—Canale and WCSD—have been dismissed.  Because there are no facts that support the state action component of any § 1983 claim against these Defendants, plaintiff fails to state a federal claim upon which relief may be granted.

### B. State Law Claims

That leaves only state law claims alleged against these remaining Defendants.  The Court lacks original jurisdiction over Plaintiff's state law claims because they present no federal question,[40] and the Amended Complaint lacks jurisdictional facts that would support diversity jurisdiction, which applies when the parties in a civil action are "citizens of different states."[41] The Court may nonetheless exercise supplemental jurisdiction over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[42]

Whether to exercise supplemental jurisdiction over state law claims is committed to the Court's sound discretion.[43]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each

---

[40] 28 U.S.C. § 1331.

[41] 28 U.S.C. § 1332(a)(1).

[42] 28 U.S.C. § 1367(a).

[43] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).

case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"[44]  Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[45]

> Generally, when a district court dismisses the federal claims, leaving only supplemented state claims, "the most common response . . . has been to dismiss the state claim or claims without prejudice."  Indeed, while we have suggested that it is appropriate, perhaps even advisable, for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims, we have held that, absent such a showing, a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.[46]

The Tenth Circuit has "repeatedly recognized that this is the preferred practice."[47]

In this case, all federal claims have been dismissed, and these remaining Defendants have not yet been served.  The parties, thus, have not spent a great deal of time litigating the state law claims.  Under these circumstances, the Court finds that it should decline supplemental jurisdiction and dismiss the remaining state law claims without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment and, in the Alternative, Motion for Reconsideration under Rules 59(e) and 60(b) (Doc. 96) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Return of Seized Property (Firearm) Pursuant to Rule 41(g) (Doc. 24) is **denied**.

---

[44] *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

[45] *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir. 1995).

[46] *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quoting *Ball*, 54 F.3d at 669) (citations omitted).

[47] *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008).

**IT IS FURTHER ORDERED BY THE COURT** that the federal claims against Defendants AdventHealth Shawnee Mission and John Does 1–3 are dismissed under 28 U.S.C. § 1915(e)(2)(ii).  The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and they are dismissed without prejudice.  The Clerk is directed to enter judgment in favor of Defendants and terminate this action.

**IT IS SO ORDERED.**

Dated: March 9, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
